[Cite as *State v. Lochtefeld*, 2026-Ohio-1240.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

ERIC LOCHTEFELD,

    DEFENDANT-APPELLANT.

CASE NO. 8-25-18

OPINION AND
JUDGMENT ENTRY

Appeal from Bellefontaine Municipal Court
Trial Court No. 24TRD04774

Judgment Affirmed

Date of Decision:  April 6, 2026

APPEARANCES:

    *William T. Cramer* for Appellant

    *Crystal K. Welsh* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Eric Lochtefeld ("Lochtefeld") brings this appeal from the judgment of the Bellefontaine Municipal Court finding him guilty of driving under an administrative suspension. Lochtefeld claims on appeal that 1) his conviction was not supported by the weight of the evidence; 2) he was denied the effective assistance of counsel; and 3) the trial court erred by excluding evidence of a valid Florida driver's license. For the reasons set forth below, the judgment is affirmed.

{¶2} On November 25, 2024, Deputy Will Edgar ("Edgar") stopped a red truck because he believed that the driver's license of the owner had been suspended. When he stopped the vehicle, it was being driven by Lochtefeld. Edgar confirmed that Lochtefeld's Ohio driving privileges were subject to an administrative suspension. As a result, Lochtefeld was charged with driving under an OVI suspension in violation of R.C. 4510.14, a misdemeanor of the first degree. A jury trial was held on July 25, 2025. At the trial the State presented the testimony of Edgar.

{¶3} Edgar testified that on November 25, 2024, he was conducting routine traffic patrols. While doing so, he conducted a registration check on a passing vehicle and noted that the owner had a suspended license. As a result, Edgar stopped the vehicle. Edgar confirmed that the vehicle was being driven by Lochtefeld, who

had a suspended Ohio driver's license. The information regarding the suspension was verified through the Law Enforcement Automated Data System ("LEADS"). LEADS indicated that Lochtefeld's suspension was active due to refusing to submit to a chemical test for a suspected operating a motor vehicle while intoxicated on October 2, 2024. The suspension was in effect until October 2, 2025. On cross-examination, Edgar admitted that Lochtefeld told him he only lived in Ohio part time. Edgar also admitted that he knew none of the facts that lead to the administrative suspension.

{¶4} Lochtefeld testified in his own defense. Lochtefeld testified that on the day of the stop, he was leaving town to return to Florida where he lived. Lochtefeld testified that he did not know he had a suspension. According to Lochtefeld he had checked with his insurance company that day and was told that his license was valid. On cross-examination Lochtefeld admitted that he had previously been stopped for an OVI in Lima, but indicated that he passed the chemical test. Lochtefeld testified that he had initially refused the test, but later submitted. Lochtefeld admitted that they read the form to him telling him his license would be suspended if he refused, but denied receiving a copy of the form claiming he never saw any documents from the stop.

{¶5} After Lochtefeld's testimony, the matter was submitted to the jury. The jury returned a verdict of guilty. The trial court then sentenced Lochtefeld to two

years of community control. Lochtefeld appealed from this judgment and raised the following assignments of error.

**First Assignment of Error**

**[Lochtefeld's] conviction for driving under suspension is not support[ed] by the weight of the evidence.**

**Second Assignment of Error**

**[Lochtefeld] was deprived of the effective assistance of counsel guaranteed by the federal and state constitutions when defense counsel failed to request a jury instruction that driving under suspension requires proof that the defendant had notice of the suspension.**

**Third Assignment of Error**

**The trial court abused its discretion by excluding evidence of a valid Florida driver's license as not relevant.**

For the purpose of clarity, we will address the assignments of error out of order.

*Exclusion of Evidence*

{¶6} In the third assignment of error, Lochtefeld claims the trial court erred by excluding evidence of the fact that his Florida driver's license was still valid at the time he was stopped. The State filed a motion in limine arguing that the fact that Lochtefeld may have had a valid Florida driver's license at the time of the stop was irrelevant as to whether Lochtefeld's driving privileges in Ohio were suspended. The trial court granted this motion. Lochtefeld argues that it was relevant because it shows that he lacked notice of the suspension.

{¶7} R.C. 4510.14 sets forth the requirements for a conviction for driving under an OVI suspension.

> (A) No person whose driver's or commercial driver's license or permit or nonresident operating privilege has been suspended under section 4511.19, 4511.191, or 4511.196 of the Revised Code or under section 4510.07 of the Revised Code for a conviction of a violation of a municipal OVI ordinance shall operate any motor vehicle upon the public roads or highways within this state during the period of the suspension.

R.C. 4510.14(A). When a person suspected of an OVI is asked to submit to a chemical test and does not agree to do so, "the failure to submit automatically constitutes a refusal to submit to the test". R.C. 4511.192(A). A person who refuses to take the requested chemical test shall have their driver's license or nonresident operating privileges suspended by the arresting officer. R.C. 4511.191(B). "A suspension of a person's driver's [license] or nonresident operating privilege . . . is effective immediately from the time at which the arresting officer serves the notice of suspension upon the arrested person." R.C. 4511.191(D)(1). Service of the notice occurs when the Form 2255 is read to the defendant informing him or her of the consequences of refusing the chemical test. R.C. 4511.192. The form notifies the defendant that "[i]f you refuse to take any chemical test required by law, your Ohio driving privileges will be suspended immediately, and you will have to pay a fee to have the privileges reinstated." R.C. 4511.192(B).

{¶8} The statutes show that the same rules apply regardless of whether one has an Ohio driver's license or an out of state license which grants a nonresident the

privilege of operating a vehicle on Ohio roads. Once the test is refused, the officer is required to suspend the suspect's Ohio driving privileges regardless of the state where the offender obtained a license. Thus, the trial court did not err in holding that it was irrelevant whether the state of Florida had suspended Lochtefeld's license. The only issue before the jury was whether Lochtefeld's driving privileges were suspended within the state of Ohio. For this reason, the third assignment of error is overruled.

*Manifest Weight of the Evidence*

{¶9} Lochtefeld's first assignment of error claims that the conviction was against the weight of the evidence because the State did not prove he knew of the suspension.

> When reviewing a judgment to determine if it is against the manifest weight of the evidence, an appellate court "review[s] the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." . . . A new trial should be granted only in the exceptional case in which the evidence weighs heavily against conviction. . . . Although the appellate court acts as a "thirteenth juror," due deference to the findings made by the fact-finder must still be given.

*State v. Hulbert*, 2021-Ohio-2298, ¶ 23 (3d Dist.) (internal citations removed).

{¶10} Here, Lochtefeld does not deny the suspension existed, but rather claims that he had no notice that he lacked driving privileges. However, he admitted during his testimony that when he was stopped, he initially refused the chemical test

and the officer told him that his driving privileges in Ohio would be subject to suspension. Lochtefeld also admitted that the officer had read the form notifying him of the suspension, but denied receiving a copy of it. Regardless, of whether he received a copy of the form, Lochtefeld was informed that his driving privileges in Ohio were suspended. The jury could reasonably determine that Lochtefeld had actual knowledge of the suspension and find him guilty of driving while his privilege to do so was suspended. Thus, the jury did not lose its way and create a manifest miscarriage of justice requiring a new trial. The first assignment of error is overruled.

*Effectiveness of Counsel*

{¶11} Lochtefeld claims that his counsel was ineffective for failing to request a jury instruction indicating that the State had to prove that he had notice of the suspension.

> In evaluating whether a petitioner has been denied effective assistance of counsel, this court has held that the test is "whether the accused, under all the circumstances, . . . had a fair trial and substantial justice was done." . . . When making that determination, a two-step process is usually employed. "First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." . . .
>
> On the issue of counsel's ineffectiveness, the petitioner has the burden of proof, since in Ohio a properly licensed attorney is presumably competent.

*State v. Calhoun*, 1999-Ohio-102 at page 289 (internal citations omitted). "The failure to prove either 1) a substantial violation or 2) prejudice caused by the violation makes it unnecessary for a court to consider the other prong of the test." *State v. Walker*, 2016-Ohio-3499, ¶ 20 (3d Dist.). "To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Conway*, 2006-Ohio-2815, ¶ 95. "The prejudice inquiry, thus, focuses not only on outcome determination, but also on 'whether the result of the proceeding was fundamentally unfair or unreliable.'" *State v. Montgomery*, 2016-Ohio-5487, quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

{¶12} We note initially, as discussed above, that Lochtefeld essentially admitted that he knew of the suspension. Thus, even if counsel had requested an instruction asking the jury to consider the issue of notice, the outcome was unlikely to change. Without a showing of prejudice, the claim for ineffective assistance of counsel fails.

{¶13} Additionally, "to sustain a conviction for driving under OVI suspension, the State must prove beyond a reasonable doubt that a defendant (1) operated (2) any motor vehicle (3) on a public road or highway (4) during the period of a license suspension rendered under R.C. 4511.19, 4511.191, 4511.196, or 4510.07." *State v. Owens*, 2019-Ohio-440, ¶ 8 (3d Dist.). These requirements are based upon the statutory language which does not require that notice be sent from

the Ohio Bureau of Motor Vehicles ("BMV"), but rather notice occurs when the BMV form 2255 is read to a defendant by the arresting officer. *See R.C. 4511.192*. The form notifies a defendant that if they refuse to submit to the requested chemical test, "your Ohio driving privileges will be suspended immediately, and you will have to pay a fee to have the privileges reinstated." *Id.* Since the notice occurs at the time of the refusal, no further notification from the BMV is necessary. Thus, the jury instruction Lochtefeld wished to have submitted to the trial court was not required and the failure to request such would not be an error. As counsel did not substantially violate her duties to Lochtefeld, counsel was not ineffective. The second assignment of error is overruled.

{¶14} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Bellefontaine Municipal Court is affirmed.

*Judgment Affirmed*

**MILLER and WALDICK, J.J., concur.**

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. *See* App.R. 30.

 

John R. Willamowski, Judge

 

Mark C. Miller, Judge

 

Juergen A. Waldick, Judge

DATED:
/hls